UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

ALICEA DIAZ,

                        Plaintiff,

        -against-

NEW YORK CITY TRANSIT
AUTHORITY and JACQUELINE
BENJAMIN,

                        Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
11–CV-3728 (FB) (LB)

*Appearances:*
*For the Plaintiff:*
MATTHEW S. FLAMM, ESQ.
26 Court Street, Suite 600
Brooklyn, NY 11242

*For Defendants:*
MICHAEL RABINOWITZ, ESQ.
130 Livingston St., 11th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff Alicea Diaz ("Diaz") brings this action against defendants New York City Transit Authority ("NYCTA") and Jacqueline Benjamin ("Benjamin"). Diaz alleges that Benjamin, an employee of the NYCTA, injured her on a New York City bus. Benjamin moved for summary judgment solely on the issue of whether she acted under color of state law, as is required for liability under 42 U.S.C. § 1983. Plaintiff also requests a conflict of interest hearing pursuant to *Dunton v. Cty. of Suffolk,* 729 F.2d 903 (2d 1984). For the reasons set forth below, the § 1983 claims have become moot, Diaz's request for a *Dunton* hearing is denied, and the remaining claims are dismissed pursuant to the Court's authority to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

**I.**

Benjamin is a NYCTA bus driver. On December 7, 2010, Diaz and Benjamin began an exchange of words on a city bus that escalated until the two were engaged in a physical fight. New York City Police Department officers arrived, investigated the matter, and placed the plaintiff under arrest.

Since the time that Benjamin filed her motion for summary judgment, plaintiff has abandoned her opposition. Because Diaz "concedes . . . that Defendant Benjamin was not acting under color of law," the § 1983 claims against Benjamin are moot and the Court dismisses them. Dkt. No. 32, Pl.'s Letter Brief; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[T]he case-or-controversy requirement subsists through all stages of federal judicial proceedings."); *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) ("If a claim has become moot prior to the entry of final judgment, the district court generally should dismiss the claim.").

**II.**

Diaz also argues that defendants' counsel is attempting to shift the blame from the transit authority to Benjamin by arguing that she acted outside the scope of her authority. Diaz requests that the Court hold a hearing because she believes this line of defense creates the conflict identified in *Dunton v. County of Suffolk,* 729 F.2d 903, 906 (2d Cir. 1984).

In *Dunton,* the Second Circuit discussed the Supreme Court's decision in *Monnell v. Dep't of Soc. Svcs.,* 436 U.S. 658 (1978), which allowed for municipal liability under § 1983 for employees' actions taken pursuant to municipal policy. *Dunton* explained that an attorney should disqualify himself if there is an "imminent threat of a serious conflict" of interest. *Dunton,* 729 F.2d at 907. The prototypical example is when a municipal employee, such as Benjamin, seeks to "partially or completely avoid liability by showing that he was acting within the scope of his official duties," while the municipality attempts to "avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy." *Id.* When both arguments are advanced by the same attorney representing both parties, an obvious conflict arises.

Diaz does not assert a *Monnell* claim against the city, nor is there an "imminent" conflict that the Court can identify because Benjamin argues that she acted in self defense outside—not within—the scope of her official duties. *Id.* A *Dunton* hearing is unnecessary and the Court denies plaintiff's request to hold one.

### III.

Having abandoned her federal claims, Diaz requests that the Court decline to exercise supplemental jurisdiction over the remaining state law claims against the NYCTA. Defendants do not oppose the request, and the Court agrees that the remaining assault, battery, and unlawful arrest claims should proceed in state court. *See* 28 U.S.C.

§ 1367(c)(3); *Sudler v. City of New York,* 689 F.3d 159, 178 n.25 ("[T]he district court has now dismissed all the federal claims in this case, thus permitting the discretionary dismissal of the state law claims.").

**IV.**

For the reasons stated above, the § 1983 claims against Benjamin are dismissed as moot, plaintiff's request for a *Dunton* conflict-of-interest hearing is denied, and the remaining state law claims are dismissed.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 5, 2014